# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDUL RAHIM HOWARD :
:
    Plaintiff :
v. : 4:10-CV-840
: (JUDGE MARIANI)
UNITED STATES OF AMERICA :
:
:
    Defendant :

## MEMORANDUM AND ORDER

### Introduction

Before the Court is Defendant's Motion for Summary Judgment (Doc. 58). For the following reasons, the Court will adopt Magistrate Judge Smyser's Report & Recommendation (Doc. 72) and grant summary judgment in favor of Defendant.

### *Brief Statement of Facts*

Plaintiff brings this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, for a slip-and-fall incident at USP Canaan in January 2009. He claims to have injured his lower back, right wrist, elbow, shoulder, and hip and is seeking $250,000 in damages. (Doc. 1). Under Pennsylvania negligence law, Defendant acknowledges that it owed 1) a duty of care toward Plaintiff as an invitee on its property, 2) but there was no breach of that duty because there was no actual or constructive notice of an unreasonable risk to Plaintiff, 3) there is no causal connection between Plaintiff's fall and "resulting" injuries because they were pre-existing

conditions, and 4) there are no actual damages based on Plaintiff's activities post-fall. (Doc. 61). *Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997)

In the early morning hours of the day of Plaintiff's fall, there had been light snow. Consequently, the exterior grounds of the prison were wet. According to Plaintiff, he slipped on a mat in the Gold Corridor sometime between 7:30 am and 8:15 am while on his way to a work assignment. In a sworn affidavit, Operations Lieutenant Sorensen stated the Gold Corridor was not open to inmates until 7:30 am (Doc. 65, Ex. 1 at ¶ 13), so it was dry until the inmates began filing through. Furthermore, according to Officer Jones, an eyewitness to Plaintiff's fall, no other inmates had fallen before Plaintiff (Doc. 65, Ex. 3 at ¶ 12), and he had observed no accumulation of water (*Id.* at ¶ 13) in the area. Another eyewitness to Plaintiff's fall will corroborate this testimony (Doc. 62 at ¶¶ 68-70). After the 150 inmates responding to "work call" (in the allotted time of ten minutes) finished passing through the Gold Corridor, the floor would be mopped, (*Id.* at ¶¶ 22-24, 27, 90).

## Analysis

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

At the outset, the Court notes that Plaintiff did not file a separate statement of facts as required by LR 56.1, so it deems Defendant's Statement of Facts ("SMF") (Doc. 62) to be admitted. Plaintiff was on notice of the rule because Defendant's SMF advised him that "pursuant to Local Rule 56.1, all facts set forth in this statement will be deemed admitted unless controverted by Howard with references to the record supporting his position." (Doc. 62 at 1). Judge Kane's Standing Practice Order instructed Howard to the same effect. (Doc. 2). Finally, in a brief in opposition to a previous motion for summary judgment (Doc. 21, denied so that Plaintiff could conduct discovery), Howard did not file an SMF. Defendant's reply brief (Doc. 35) pointed out the lack of Plaintiff's SMF then, too. Yet, Howard again failed to file an SMF to dispute Defendant's. The Court thus deems Defendant's SMF (Doc. 62) to be admitted.

Judge Smyser recommended granting Defendant's motion on the basis of no notice, actual or constructive, alone. (Doc. 72). As such, there could be no breach of duty and,

consequently, no negligence on Defendant's part. Judge Smyser rejected Plaintiff's argument that Officer Jones and other staff at Canaan had notice of unsafe conditions from years of experience at USP Canaan and first-hand knowledge of how easily corridors could get wet. He cited authority saying weather conditions support only an inference of notice and are insufficient on their own. *Tameru v. W-Franklin, L.P.*, 350 Fed. Appx. 737, 740 (3d Cir. 2009) (citing *Sheridan v. Horn & Hardart Baking Co.*, 77 A.2d 362 (Pa. 1951)).

In addition, Judge Smyser rejected Plaintiff's reliance on *Morris v. Atlantic & Pacific Tea Co.*, 121 A.2d 135 (Pa. 1956) in which there was actual notice because there, the defendant had more than one days' notice of icy conditions in a parking lot. In the case at hand, there was no actual notice of dangerous conditions because the only time that the corridor could get wet was during the ten-minute work call (Doc. 62 at ¶¶ 22-24), and Plaintiff slipped at the tail end of that time period. (*Id.* at ¶¶ 64). No other inmate had slipped before Plaintiff did, and Office Jones observed no accumulation of water. (*Id.* at ¶¶ 80, 84). Prior to the work call, the corridor had been closed to inmate traffic. (*Id.* at ¶¶ 21, 26). Any "melt-water" brought in from the sidewalk outside would have no chance to freeze in such a short amount of time. After work call, the floor would be mopped. (*Id.* at ¶¶ 27, 90)).

Finally, citing several cases, Judge Smyser found that the ten minutes of time given to inmates to report to "work call" was insufficient to put Defendant on constructive notice of dangerously wet conditions. It would be unreasonable to hold Defendant responsible for Plaintiff's injury for an alleged accumulation of water/ice that had existed for such a short amount of time. "Because the plaintiff has not presented evidence about when the water was

4

deposited on the floor or when the mat became saturated, he has not presented evidence from which it can reasonably be inferred that the defendant had constructive notice of a hazardous condition." (Doc. 72 at 20).

Plaintiff's Objections to the R&R (Doc. 75) mostly responded to alleged factual inaccuracies in the report instead of objecting to specific findings or recommendations. Defendant filed a brief in opposition to Plaintiff's objection (Doc. 76) saying the same.

## Conclusion

Therefore, for the abovementioned reasons, the Court adopts Magistrate Judge Smyser's Report & Recommendation (Doc. 72) in its entirety and grants Defendant's Motion for Summary Judgment (Doc. 58). An appropriate order follows.

Robert D. Mariani
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL RAHIM HOWARD | : |
| Plaintiff | : |
| v. | : 4:10-CV-840 |
| | : (JUDGE MARIANI) |
| UNITED STATES OF AMERICA | : |
| Defendant | : |

## ORDER

**AND NOW**, to wit, this **8th DAY OF FEBRUARY, 2012,** upon *de novo* review of the Report and Recommendation of Judge Smyser (Doc. 72), Plaintiff's Objections (Doc. 75) to the Report and Recommendation, and Defendant's Brief in Opposition to Plaintiff's Objections (Doc. 76), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Doc. 75) to the Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation (Doc. 72) is **ADOPTED IN ITS ENTIRETY.**

3. Defendant's Motion for Summary Judgment (Doc. 58) is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF.**

4. The Clerk is hereby directed to **CLOSE** the case.

Robert D. Mariani
United States District Judge